MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
**THE BOURASSA LAW GROUP, LLC**
8668 Spring Mountain Road, Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
mbourassa@bourassalawgroup.com
trichards@bourassalawgroup.com
*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LEONARDO DUALAN, VALERIE KALEIKINI, ZOLTAN NEMETH, and JAMIN VERGARA, individually and on behalf of those similarly situated,<br><br>        Plaintiffs;<br><br>vs.<br><br>JACOB TRANSPORTATION SERVICES, LLC, a Nevada Limited Liability Company, D/B/A EXECUTIVE LAS VEGAS,<br><br>        Defendant. | Case No.:<br><br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

Plaintiffs LEONARDO DUALAN, VALERIE KALEIKINI, ZOLTAN NEMETH, and JAMIN VERGARA, (hereinafter referred to as "Plaintiffs"), by and through the undersigned attorney, alleges upon knowledge as to themselves and their own acts, and upon information and belief as to all other matters, brings this complaint against the above-named defendant and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1.      Plaintiffs brings this action on their own behalf and on the behalf of all others similarly situated for damages arising from violations of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201 *et seq*., the Nevada Constitution, Article 15, Section 16, and Nevada Revised Statutes sections 608.016 and 608.140.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked under 29 U.S.C. § 216 and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

3.    Venue in this District is proper because Plaintiffs and JACOB TRANSPORTATION SERVICES, LLC, a Nevada Limited Liability Company, D/B/A EXECUTIVE LAS VEGAS ("Defendant") reside and/or do business in the District of Nevada. Venue is also proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

4.    Plaintiffs are natural persons who reside in Clark County, Nevada. At all times relevant to this Complaint, Plaintiffs were employed by Defendant as Shuttle Bus Drivers.

5.    Defendant is a Nevada Limited Liability Corporation with its principal place of business located at 3950 W. Tompkins Avenue, Las Vegas, Nevada. At all time relevant herein, Defendant was an employer engaged in commerce under the FLSA, 29 U.S.C. section 201 *et seq*., and was an employer under NRS 608.011.

## GENERAL ALLEGATIONS

6.    Plaintiffs repeat, re-allege, and incorporate by reference paragraphs 1 through 5 inclusive, above.

7.    Plaintiffs were employed by Defendant as Shuttle Bus Drivers. Plaintiffs regularly worked more than 40 hours per week, but were not paid hourly for their work or paid overtime for hours worked over 40 in a week. Instead, Plaintiffs were paid a fixed "commission" of a percentage of the fares.

- 2 -

8.     The "commissions" paid to Plaintiffs frequently did not equal the minimum wage required under the Nevada Constitution, Article 15, Section 16 and the FLSA, and did not compensate Plaintiffs for overtime as required by the FLSA.

9.     Upon information and belief, Defendant also engaged in a scheme by which it would purport to pay Plaintiffs "Prior Cash" or a "Cash Tip" on their paychecks to make it appear that the Plaintiffs were being paid minimum wage, but would then directly deduct this amount from Plaintiffs' wages so that Plaintiffs were not, in fact, being paid at least minimum wage.

10.    Upon information and belief, Defendant also made various other improper deductions from Plaintiffs' wages, including, but not limited to, deductions for purported damage to company vehicles incurred in the vehicles' normal course of operations, alleged cash shortages, and allegedly lost luggage.   If Plaintiffs protested the deductions, they were threatened with termination or transfer to a less desirable position.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.    Plaintiffs repeat, re-allege, and incorporate by reference paragraphs 1 through 10 inclusive, above.

12.    Plaintiffs bring this lawsuit as a Collective Action under the FLSA on behalf of all persons who, at any time within the applicable limitations period, were employed by Defendant as Shuttle Bus Drivers (the "Collective Class").

13.    The Collective Class includes all such persons who are or were classified as non-exempt from the overtime provisions of the FLSA, and excludes all drivers who, within a four-month period, drove passengers traveling interstate pursuant to a "through ticketing" arrangement with another carrier.

- 3 -

14.     Questions of law and fact common to the Collective Class as a whole include, but are not limited to, the following:

      a.   Whether Defendant failed to compensate the Collective Class for all regular and overtime hours worked as required by the FLSA;

      b.   Whether Defendant took unlawful "kick-backs" from the wages of the Collective Class in violation of the FLSA;

      c.   Whether Defendant's actions were willful pursuant to 29 U.S.C. § 255(a);

      d.   Whether Defendant's actions were in good faith; and

      e.   Whether Defendant is liable to the Collective Class.

15.     The first and second causes of action for violations of the FLSA may be brought and maintained as an "opt in" Collective Action pursuant to 29 U.S.C. § 216(b).

16.     Plaintiffs and the other members of the Collective Class are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant's common and uniform policy and practice of failing to pay for all actual time worked and wages earned, failing to fully pay for all regular and overtime, and taking of unlawful "kick-backs" from Plaintiffs' and the Collective Class' wages in violation of the FLSA.

## NEVADA CLASS ALLEGATIONS

17.     The Nevada Class consists of all persons who, within the applicable statutory period, were employed by Defendant as Shuttle Bus Drivers.

18.     Plaintiffs seek certification pursuant to Fed. R. Civ. P. Rule 23 for the Nevada Class.  Plaintiffs are informed and believe, and thereon allege, that the Nevada Class is so numerous that joinder of all members would be impractical.

19.     There are questions of law and fact common to the Nevada Class. Common questions of law and fact include, but are not limited to, the following:

- 4 -

a.  Whether Defendant failed to compensate the Nevada Class for all hours worked as required NRS § 608.016;

b.  Whether Defendant failed to pay minimum wage to the Nevada Class as required by the Nevada Constitution, Article 15, Section 16; and

c.  Whether Defendant converted the wages of the Nevada Class through improper deductions from wages.

20.     Plaintiffs' claims are typical of those of the members of the Nevada Class. All are based on the same facts and legal theories.

21.     Plaintiffs will fairly and adequately represent the interests of the members of the Nevada Class and has retained counsel experienced in handling class actions and employment claims.

22.     Questions of law and fact common to the Nevada Class predominate over any questions affecting individual members of the Nevada Class, and the interests of justice and judicial efficiency will be best served by bringing this action as a class action.

## FIRST CLAIM FOR RELIEF

**Failure to Pay Minimum Wage and Overtime**
**in Violation of the FLSA, 29 U.S.C. § 201 *et seq.***
**By Plaintiffs and the Collective Class Against Defendant**

23.     Plaintiffs repeat, re-allege, and incorporate by reference paragraphs 1 through 22 inclusive, above.

24.     Defendant is engaged in commerce within the meaning of 29 U.S.C. § 203(b).

25.     29 U.S.C. § 206(a)(1) provides that an employer must pay its employees at a rate not less than minimum wage for all hours work.  Pursuant to 29 U.S.C. § 207(a)(1), Plaintiffs and the Collective Class are also entitled to wages at a rate of not less than one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty (40).

- 5 -

26.     During the Collective Class Period, Plaintiffs and the Collective Class were not compensated at the rate of at least minimum wage for all hours worked.

27.     At all relevant times, Defendant failed to pay Plaintiffs and the Collective Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by the FLSA.

28.     Defendant's conduct as alleged herein constitutes a willful violation within the meaning of 29 U.S.C. § 255(a).

29.     As a result of Defendant's failure to pay Plaintiffs and the Collective Class for all regular and overtime hours worked, Plaintiffs and the Collective Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and will be ascertained according to proof at trial.

30.     Defendant's conduct as alleged herein was not in good faith, and therefore Plaintiffs are entitled to liquidated damages pursuant to 29 U.S.C. § 216(b).

31.     It has been necessary for Plaintiffs to obtain the services of an attorney to pursue this claim, and Plaintiffs and the members of the Collective Class are entitled to recover reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

**Unlawful Deductions from Wages
in Violation of the FLSA, 29 U.S.C. § 201 *et seq.*
By Plaintiffs and the Collective Class Against Defendant**

32.     Plaintiffs repeat, re-allege, and incorporate by reference paragraphs 1 through 31 inclusive, above.

33.     The FLSA's enforcing regulations, 29 C.F.R. § 531.35, states, in pertinent part,

> "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the Act will not be met where the

employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee.

34.    At all relevant times, Defendant took "kick-backs" from Plaintiffs' and the Collective Class' wages in the form of improper deductions from their wages.

35.    Specifically, Plaintiffs are informed and believe, and thereon allege, that Defendant would purport to pay Plaintiffs and the Collective Class "Prior Cash" or a "Cash Tip" on their pay stubs in order to make it appear that they were being paid at least minimum wage, but would then deduct that same amount from Plaintiffs' and the Collective Class' wages.

36.    In addition, Defendant would deduct from Plaintiffs' and the Collective Class' wages purported damage to company vehicles, alleged cash shortages, and alleged lost luggage.

37.    These "kick-backs" were improper under 29 C.F.R. § 531.35, and had the effect of lowering the Plaintiffs' and Collective Class' wages below the minimum wage in violation of the FLSA.

38.    As a result of Defendant's unlawful deductions, Plaintiffs and the Collective Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and will be ascertained according to proof at trial.

39.    Defendant's conduct as alleged herein was not in good faith, and therefore Plaintiffs are entitled to liquidated damages pursuant to 29 U.S.C. § 216(b).

40.    It has been necessary for Plaintiffs to obtain the services of an attorney to pursue this claim, and Plaintiffs and the members of the Collective Class are entitled to recover reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

//

//

**THIRD CLAIM FOR RELIEF**

**FAILURE TO PAY MINIMUM WAGE**
**(Nev. Const. Art. 15, § 16)**
**By Plaintiffs and the Nevada Class Against Defendant**

41.     Plaintiffs repeat, re-allege, and incorporate by reference paragraphs 1 through 40 inclusive, above.

42.     Article 15, Section 16 of the Nevada Constitution requires that Defendant pay Plaintiffs and the Nevada Class an hourly minimum wage for each hour worked.

43.     However, Defendant failed to pay Plaintiffs or the Nevada Class an amount equal to minimum wage for each hour worked.

44.     Defendant's conduct in failing to pay Plaintiffs and the Nevada Class for all hours worked was malicious and undertaken with the intent to defraud and oppress Plaintiffs and the Nevada Class, thus warranting the imposition of punitive damages pursuant to NRS § 42.005 sufficient to punish and embarrass Defendant thereby deterring such conduct by them in the future.

45.     It has been necessary for Plaintiffs to obtain the services of an attorney to pursue this claim, and Plaintiffs and the members of the Nevada Class are entitled to recover reasonable attorneys' fees and costs pursuant to Nev. Const. Art. 15, § 16.

**FOURTH CLAIM FOR RELIEF**

**FAILURE TO PAY WAGES**
**(NRS §§ 608.016; 608.140)**
**By Plaintiffs and the Nevada Class Against Defendant**

46.     Plaintiffs repeat, re-allege, and incorporate by reference paragraphs 1 through 45 inclusive, above.

47.     NRS § 608.016 provides: "An employer shall pay to the employee wages for each hour the employee works."

48.   Defendant has intentionally and improperly failed to compensate Plaintiffs and the Nevada Class for all hours worked in violation of NRS § 608.016.

49.   As a result of Defendant's failure to pay Plaintiffs and the Nevada Class for all hours worked, Plaintiffs and the Nevada Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and will be ascertained according to proof at trial.

50.   Defendant's conduct in failing to pay Plaintiffs and the Nevada class for all hours worked was malicious and undertaken with the intent to defraud and oppress Plaintiff and the Nevada Class, thus warranting the imposition of punitive damages pursuant to NRS § 42.005 sufficient to punish and embarrass Defendant thereby deterring such conduct by them in the future.

51.   It has been necessary for Plaintiffs to obtain the services of an attorney to pursue this claim, and Plaintiffs and the members of the Nevada Class are entitled to recover reasonable attorneys' fees pursuant to NRS § 608.140.

## FIFTH CLAIM FOR RELIEF

### CONVERSION
### By Plaintiffs and the Nevada Class Against Defendant

52.   Plaintiffs repeat, re-allege, and incorporate by reference paragraphs 1 through 51 inclusive, above.

53.   Plaintiffs and the Nevada Class had a right to possession of all wages earned by them as employees of Defendant;

54.   Defendant intentionally and substantially interfered with Plaintiffs' and the Nevada Class' right to possession of their earned wages by taking "kick-backs" from their wages in the form of improper deductions for "Prior Cash" and "Cash Tip," alleged damage to Defendant's vehicles, alleged cash shortages, and allegedly lost luggage.

55.     Plaintiffs and the Nevada Class were harmed as a result of Defendant's conduct.

56.     Defendant's conduct in converting Plaintiffs' and the Nevada Class' wages was malicious and undertaken with the intent to defraud and oppress Plaintiffs and the Nevada Class, thus warranting the imposition of punitive damages pursuant to NRS § 42.005 sufficient to punish and embarrass Defendant thereby deterring such conduct by them in the future.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief in Plaintiffs' favor, and on behalf of the Classes, and that judgment be entered against Defendant for the following:

(1)     For an order conditionally certifying the Collective Class as a collective action and certifying the Collective Class as alleged herein;

(2)     For an order certifying the Nevada Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(3)     Designation of Plaintiffs as the class representatives for the Collective Class and the Nevada Class;

(4)     Compensatory damages for Plaintiffs and the Classes;

(5)     For liquidated damages on behalf of Plaintiffs and the Collective Class pursuant to 29 U.S.C. § 216(b);

(6)     For exemplary damages on behalf of Plaintiff and the Nevada Class;

(7)     For disgorgement and/or restitution as the Court deems appropriate, just, and proper;

(8)    For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(9)    For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(10)   For any and all other relief this Court may deem appropriate.

DATED this ____10TH____ day of July, 2013.

**THE BOURASSA LAW GROUP, LLC**

MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
8668 Spring Mountain Rd., Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
mbourassa@bourassalawgroup.com
trichards@bourassalawgroup.com
*Attorneys for Plaintiff*

- 11 -