UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| LEONARDO DUALAN, et al., ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> JACOB TRANSPORTATION SERVICES, LLC, ) <br> ) <br> Defendant(s). ) <br> ) | Case No. 2:14-cv-01135-JAD-NJK <br><br> ORDER <br><br> (Docket No. 45) |

On March 3, 2015, the Court ordered Plaintiff Valerie Kaleikini to show cause in writing, no later than March 17, 2015, why she should not be sanctioned pursuant to Federal Rule of Civil Procedure 16(f). Docket No. 45. Plaintiff Valerie Kaleikini failed to respond to the order to show cause. *See* Docket. The Court finds this matter properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the Court hereby **SANCTIONS** Plaintiff Valerie Kaleikini as follows.

**I.    Background**

On January 23, 2015, the Court held a hearing on Plaintiff Valerie Kaleikini 's counsel's motion to withdraw. *See* Docket Nos. 32, 40. The Court granted the motion to withdraw and ordered that either Plaintiff's new counsel must enter an appearance, or Plaintiff Valerie Kaleikini must file a notice of intent to proceed *pro se*, no later than February 23, 2015. Docket No. 40. No such notice of appearance or notice of intent to proceed *pro se* was filed. *See* Docket. On March 2, 2015, the Court ordered Plaintiff Valerie Kaleikini  to show cause in writing, no later than March 17, 2015, why she should not be sanctioned pursuant to Federal Rule of Civil Procedure 16(f).

Docket No. 45. Plaintiff Valerie Kaleikini has neither responded nor requested an extension of time in which to respond. *See* Docket.

## II.    Standards

Parties and attorneys are required to follow Court orders. Rule 16(f)[1] requires parties and attorneys to comply with pretrial orders and provides that a judge may order appropriate sanctions, including those outlined in Rule 37(b)(2)(A)(ii)-(vii), for non-compliance. Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobey a court order. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (sanctions may be imposed when disobedience of order is unintentional). Rule 16(f) "was designed not only to insure the expeditious and sound management of cases for trial, but to deter conduct that unnecessarily consumes 'the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures.'" *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999) (quoting *Mulkey v. Meridan Oil, Inc.*, 143 F.R.D. 257, 262 (W.D. Okla.1992)).

Similar to Rule 16(f), this Court's Local Rules also provide the Court with authority to impose "any and all appropriate sanctions on . . . [a] party appearing *pro se* who, without just cause . . . [f]ails to comply with any order of this Court." Local Rule IA 4–1.

## III.    Analysis

It is undisputed that Plaintiff Valerie Kaleikini has violated three Court orders. She violated the Court's January 6, 2015, order requiring her to attend the hearing on her counsel's motion to withdraw. *See* Docket Nos. 33, 40. Plaintiff then violated the Court's January 23, 2015, order that either her new counsel must enter an appearance or she must file a notice of intent to proceed *pro se*, no later than February 23, 2015. Docket No. 40. No such notice of appearance or notice of intent to proceed *pro se* was filed. *See* Docket. Plaintiff further violated the Court's order of March 3, 2015, to show cause by not responding or requesting an extension of time in which to respond. *See* Docket. The Court's order to show cause advised Plaintiff that failure to timely comply with the

---

[1] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

Court's orders may result in "a Court fine of up to $500." Docket No. 45. In light of the failure to respond to the order to show cause, it appears that there is no justification for these shortcomings and that sanctions are warranted.

This Court's Orders were clear. Plaintiff's failure to abide by the Court's orders has disrupted this Court's management of its docket and resulted in additional expense in the administration of this case. *See Sanders v. Union Pacific Railroad Co.,* 154 F.3d 1037, 1041 (9th Cir.1998) ("In our continuing efforts to achieve justice for individual litigants, we must not allow the flagrant disobedience of judges' orders to bring about further delay and expense"). Moreover, sanctions are appropriate as a means of deterring neglect of Rule 16 obligations. *See Media Duplication Services v. HDG Software,* 928 F.2d 1228, 1242 (1st Cir. 1991) ("We have no hesitation in endorsing the use of punitive monetary sanctions as a means of deterring neglect of [a Rule 16] obligation"). The Court finds that Plaintiff Valerie Kaleikini should be sanctioned in the amount of $50 for her failure to comply with the Court's orders. Payment by Plaintiff in the amount of $50 shall be made, no later than **April 23, 2015**, as a court fine to the "Clerk, U.S. District Court." Plaintiff shall file proof of payment within five days of payment.

The Court expects strict compliance with all Court orders, as well as the Local Rules, in the future. The Court again cautions Plaintiff that failure to do so may result in significant sanctions, up to and including case-dispositive sanctions.

**IV. Conclusion**

Based on the foregoing, and good cause appearing therefore, the Court hereby **SANCTIONS** Plaintiff Valerie Kaleikini in the amount of $50 pursuant to Federal Rule of Civil Procedure 16(f).

IT IS SO ORDERED.

DATED: April 9, 2015

NANCY J. KOPPE
United States Magistrate Judge