UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Leonardo Dualan, et al.,

    Plaintiffs,

vs.

Jacob Transportation Services, LLC,

    Defendant.

Case No.: 2:14-cv-1135-JAD-NJK

**Order Denying Motion to Dismiss Counterclaims [Doc. 39]**

  FLSA plaintiff Zoltan Nemeth moves to dismiss Jacob Transportation Services, LLC's counterclaims, all asserted against plaintiff Nemeth, under Federal Rule of Civil Procedure 12(b)(1). Nemeth argues that I lack subject-matter jurisdiction over Jacob's counterclaims and that, even assuming I had jurisdiction, it is not properly exercised because the counterclaims are not sufficiently related to Nemeth's own claims.[1] Because discovery on plaintiffs' FLSA action will likely overlap with discovery on Jacob's counterclaims, I find the counterclaims sufficiently related to plaintiffs' claims to vest this court with supplemental jurisdiction over them, and I deny the motion.

**Background**

  In this wage-and-hour dispute, plaintiffs Leonardo Dualan, Valerie Kaleikini, Zoltan Nemeth, and Jamin Vergara allege that they were employed by Jacob Transportation as shuttle bus drivers and regularly worked more than 40 hours per week, but they were paid a fixed commission of their fares that did not meet either the FLSA's minimum or overtime wage requirements.[2] They allege FLSA violations for failure to pay minimum wage and overtime (count one), and for unlawful deductions (count 2).[3] They also bring Nevada state law claims for failure to pay minimum wage

---

[1] Doc. 39.

[2] Doc. 1 at 3.

[3] *Id.* at 5-7.

(count 3), and failure to pay wages (count 4).[4] Finally, they allege a Nevada common law conversion claim (count 5).[5]

In its now-amended counterclaim, Jacob alleges that plaintiff Nemeth "was obligated to keep complete and accurate tripsheets and other records that would accurately record the number of passengers he transported, the number of rides he performed, the amount of gross revenues and sales received, the amount of tips received, and other information required by Jacob Transportation," but he failed to do so.[6] These failures included misrepresenting "the amount of money he received from customers while performing his shuttle bus work, the number of passengers he transported, and the number of stops, locations, and destinations to where he transported Jacob Transportation's customers."[7] Jacob alleges Nemeth acted intentionally and maliciously "in order to facilitate his theft of fares from Jacob Transportation," subjecting him to liability for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) unjust enrichment, (4) intentional misrepresentation, (5) negligent misrepresentation, (6) conversion, and (7) trespass to chattels.[8]

Nemeth now moves to dismiss Jacob's counterclaims, arguing that Jacob's claims are permissive counterclaims too attenuated from plaintiffs' own claims to permit this court to exercise supplemental jurisdiction over them;[9] Jacob counters that the court's supplemental jurisdiction under 28 U.S.C. § 1367(a) is broad enough to capture its counterclaims.[10] I agree with Jacob.

## Discussion

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move to dismiss a claim or action for a lack of subject-matter jurisdiction. "Dismissal under Rule 12(b)(1) is appropriate if the

---

[4] *Id.* at 8-9.

[5] *Id.* at 9.

[6] Doc. 35 at 13. After a January 23, 2015, hearing, Jacob was permitted leave to amend its counterclaims in this FLSA suit, and did so, asserting them against Nemeth only. Docs. 31, 35.

[7] Doc. 35 at 13.

[8] Doc. 35 at 18-24.

[9] Doc. 39 at 7.

[10] Doc. 43 at 7-8.

complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject-matter jurisdiction."[11] The plaintiff bears the burden of proving that the case is properly in federal court.[12] Federal Rule of Civil Procedure 12(h)(3) permits the district court to ascertain at any time whether it has subject matter jurisdiction over a case.[13]

Under 28 U.S.C. § 1367(a), district courts may exercise supplemental jurisdiction over all claims—primary claims or counterclaims; compulsory or permissive—"that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."[14] Counterclaims are also governed by FRCP 13, which distinguishes between compulsory and permissive counterclaims. While a compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," a permissive counterclaim is, by default, any that is "not compulsory."[15] In general, supplemental jurisdiction automatically extends to compulsory counterclaims.[16] The Ninth Circuit uses a "logical relationship" test to determine whether counterclaims are compulsory or permissive. This "flexible approach" to Rule 13 problems "attempts to analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the

---

[11] *Penrose v. Fritsch*, 2014 U.S. Dist. LEXIS 145667, at *3 (D. Nev. Oct. 10, 2014).

[12] *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

[13] Fed. R. Civ. Proc. 12(h)(3).

[14] While the Ninth Circuit has not explicitly ruled whether section 1367 covers permissive counterclaims, the Seventh Circuit in *Channell v. Citicorp Nat. Servs., Inc.* noted, "Now that Congress has codified the supplemental jurisdiction in 1367(a), courts should use the language of the statute to define the extent of their powers." 89 F.3d 379, 385 (9th Cir. 1996). The majority of trial courts in this circuit have followed the *Channell* decision, which I, too, find persuasive. *See, e.g.*, *Fidelity Nat. Title Co. v. U.S. Small Business Admin.*, 2014 WL 1883939, at *4 n.2 (E.D. Cal. May 12, 2014) (citations omitted); *Wilson v. Discover Bank*, 2012 WL 1899539, at *3 (W.D. Wash. May 24, 2012); *Koumarian v. Chase Bank USA, N.A.*, 2008 WL 5120053, at *2 (N.D. Cal. Dec. 3, 2008).

[15] *Id.* Additionally, a compulsory counterclaim must not "require adding another party over whom the court cannot acquire jurisdiction," a condition not applicable here. Rule 12(a)(1)(B).

[16] *Baker v. Gold Seal Liquors*, 417 U.S. 467, 468 n.1 (1974).

issues be resolved in one lawsuit."[17] Permissive counterclaims that are not related to the same case or controversy typically require an independent basis for subject-matter jurisdiction.[18]

Nemeth argues that I lack jurisdiction over Jacob's counterclaims because they are unrelated to the main action, and he directs me to Judge Mahan's dismissal of permissive counterclaims in *Cohn v. Ritz Transportation, Inc.*, another FLSA case.[19] Nemeth also notes other cases in which courts have "rejected the notion that the employer-employee relationship single-handedly creates a common nucleus of operative fact between the FLSA claim and the peripheral state law claims."[20]

But there is more than a simple "employer-employee" relationship alleged here. And discovery between the FLSA claims and counterclaims will overlap: plaintiffs' FLSA claims will likely involve an inspection of plaintiffs' books and records, as will Jacob's counterclaims—in order to compare them to the amount of money Nemeth is alleged to have appropriated, through his misrepresentations, for his own benefit. Thus, even though these counterclaims are permissive, they are sufficiently related to Nemeth's FLSA claims that they form part of the same controversy plaintiff alleges, and judicial economy is best served by adjudicating all of these issues in a single action. Accordingly, I exercise my discretion under 28 U.S.C. § 1367(a) to accept supplemental jurisdiction over Jacob's counterclaim against Nemeth, and I deny his motion to dismiss.

**Conclusion**

Accordingly, it is HEREBY ORDERED that plaintiffs' motion to dismiss **[Doc. 39] is DENIED**.

DATED: April 27, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[17] *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987) (quotation omitted).

[18] *See, e.g.*, *Horton v. Calvary Portfolio Services, LLC*, 301 F.R.D. 547, 550 (S.D. Cal. 2014) (citations omitted).

[19] *Cohn v. Ritz Transp., Inc.*, 2012 WL 600819 (D. Nev. Feb. 23, 2012).

[20] *Wilhelm v. TLC Lawn Care, Inc.*, 2008 WL 640733, at *3 (D. Kan. Mar. 6, 2008) (citing cases).