UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Leonardo Dualan, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>Jacob Transportation Services, LLC,<br><br>    Defendant | 2:14-cv-01135-JAD-NJK<br><br>**Order Appointing Collective Action Counsel and Approving Notice and Consent to Sue Forms**<br><br>[ECF No. 71] |

Previously, I conditionally certified as a collective action under the Fair Labor Standards Act (FLSA) plaintiffs' minimum-wage, overtime, and wage-deduction claims on behalf of all current and former shuttle-bus drivers who were employed by Jacob Transportation Services, LLC from July 10, 2011, to the present.[1] I ordered the manner of serving the notice and consent-to-sue forms, approved a 90-day opt-in period, and ordered Jacob to produce the names and last known addresses for the potential opt-in plaintiffs.[2] But I declined to approve the proposed notice and consent-to-sue forms because they required significant changes, so I instructed the parties to meet and confer before re-submitting them.[3] I also instructed plaintiffs' counsel that, if it wanted to be appointed counsel for the opt-in plaintiffs, it needed to file a motion seeking that relief.[4]

Plaintiffs' counsel now moves to be appointed counsel for this collective action,[5] and the parties have submitted amended proposed notice and consent-to-sue forms.[6] I appoint plaintiffs' counsel as counsel for the opt-in plaintiffs and approve, with several edits, the amended notice and consent-to-sue forms.

---

[1] ECF No. 70 at 2–12.

[2] *Id.* at 15–16.

[3] *Id.* at 12–18.

[4] *Id.* at 18.

[5] ECF No. 71.

[6] ECF No. 72.

**Discussion**

**A.     Appointing Counsel for the Collective-action Group**

The Bourassa Law Group seeks to be appointed as counsel for the opt-in plaintiffs.[7] "Although neither the federal rules nor the advisory committee notes expressly so state, it is generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification."[8]  Federal Rule of Civil Procedure 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Under Rule 23(g)(1), courts must consider four factors when appointing counsel "[u]nless a statute provides otherwise."[9]  These four factors are:

1. the work counsel has done in identifying or investigating potential claims in the action;
2. counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
3. counsel's knowledge of the applicable law; and
4. the resources that counsel will commit to representing the class.[10]

Under the federal procedural rules, courts "may [also] consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."[11]  I recognize that an FLSA collective action is different from a class action under Rule 23, but I find these principles to be useful guideposts for this analysis.

---

[7] ECF No. 71.

[8] *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (gathering citations from around the country) ("Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification.").

[9] FED. R. CIV. P. 23(g)(1).

[10] *Id.* at 23(g)(1)(A).

[11] *Id.* at 23(g)(1)(B).

Based on the substantive work that plaintiffs' counsel has already invested in this case, their attested experience in handling class actions and complex civil litigation, the knowledge of this legal area that they have already demonstrated in this case, and their stated commitment to providing the necessary resources to represent the plaintiffs in this collective action; and having considered that defendant offers no objection, I find that The Bourassa Law Group can fairly and adequately perform the role of counsel for the opt-in plaintiffs in this collective action who do not appear through their own counsel or indicate an intention to represent themselves.

**B.     Approval of Notice and Consent-to-sue Forms**

Because I identified numerous issues that required correction with plaintiffs' prior proposed notice and consent-to-sue forms, I refused to approve them, and I instructed the parties to meet and confer before re-submitting those forms.[12]  Each issue that I identified has been corrected in the amended notice and consent-to-sue forms that the parties have re-submitted. However, I have several additional edits that must be made to the notice before it can be served:

- The font in the second sentence in the second paragraph of the "**8.  YOUR LEGAL REPRESENTATION IF YOU JOIN:**" section of the notice[13] that is highlighted below must be increased so that it is the same size as the surrounding text:

> pay Plaintiffs' Counsel the greater of: (1) calculated on a percentage basis forty percent (40%) of any amount recovered in this lawsuit; or (2) the total amount of attorney's fees awarded by the Court in this matter. These amounts will be calculated based on the total recovery and before deduction of any payments for

- The first sentence of the second paragraph in the "**4.  EFFECT OF JOINING THIS CASE:**" section of the notice[14] must be edited to state: "If you sign and return the enclosed Consent to Join Collective Action (Fair Labor Standards Act, 29 U.S.C. §216(b)) form, are joined in the case, and do not retain other counsel to represent you instead or indicate to the court that you intend to represent yourself, then you are agreeing

---

[12] ECF No. 70 at 12–18.

[13] ECF No. 72 at 7.

[14] ECF No. 72 at 6.

1   to designate Plaintiffs as your agents to make decisions on your behalf concerning the
2   litigation, the method and manner of conducting this litigation, the entering of an
3   agreement with Plaintiffs' Counsel concerning attorneys' fees and costs, and all other
4   matters pertaining to this lawsuit."
- The first sentence in the first paragraph of the "**8. <u>YOUR LEGAL REPRESENTATION IF YOU JOIN:</u>**" section of the notice[15] must be edited to replace "through Plaintiffs' attorney" with "by Plaintiffs' attorney."
- The first sentence in the second paragraph of the "**8. <u>YOUR LEGAL REPRESENTATION IF YOU JOIN:</u>**" section of the notice[16] must be edited to state: "By submitting the enclosed Consent to Join Collective Action (Fair Labor Standards Act, 29 U.S. C. §216(b)) form, you agree that Plaintiffs' counsel will be representing you unless you obtain other attorneys or advise the court that you are representing yourself.
- The final sentence in the second paragraph of the "**8. <u>YOUR LEGAL REPRESENTATION IF YOU JOIN:</u>**" section of the notice[17] must be edited to state: "The court must approve any fee award before it can be paid to Plaintiffs' Counsel."

Counsel can make these corrections without re-submitting the form to the court, and with these corrections, the amended notice and consent-to-sue forms are approved.

## Conclusion

Accordingly, and with good cause appearing,

It is hereby ORDERED that **plaintiffs' counsel's motion to be appointed interim class counsel [ECF No. 71] is GRANTED.** The Bourassa Law Group is appointed as counsel for any opt-in plaintiff who does not enter an appearance through his own counsel or indicate a desire to represent himself in a pro se capacity.

---

[15] *Id.*

[16] *Id.*

[17] *Id.* at 7.

1       IT IS FURTHER ORDERED that the **amended notice and consent-to-sue forms [ECF No. 72] are APPROVED**, with the caveat that plaintiffs must correct the above-identified issues in the notice before serving it.

DATED: June 21, 2016

_____
Jennifer A. Dorsey
United States District Judge