UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| LEONARDO DUALAN, VALERIE KALEIKINI, ZOLTAN NEMETH, and JAMIN VERGARA, individually and on behalf of those similarly situated,<br><br>Plaintiffs;<br><br>v.<br><br>JACOB TRANSPORTATION SERVICES, LLC, a Nevada Limited Liability Company, D/B/A EXECUTIVE LAS VEGAS,<br><br>Defendant. | CASE NO.: 2:14-cv-01135-JAD-NJK<br><br>ORDER GRANTING JOINT MOTION FOR COURT APPROVAL OF FLSA SETTLEMENTS<br><br>ECF No. 106 |

Plaintiffs' and Defendant's Joint Motion for Court Approval of FLSA Settlements [ECF 106] having come on for hearing before the Hon. Jennifer A. Dorsey on July 7, 2017. Named Plaintiffs and Opt-In Plaintiffs (collectively "Plaintiffs" or "Drivers") appearing by and through their counsel, Trent Richards of the Bourassa Law Group, and Defendant Jacob Transportation Services, LLC d/b/a Executive Las Vegas ("Defendant" or "Executive") appearing by and through its counsel, James Jimmerson of The Jimmerson Law Firm, P.C.

The Court, having considered the pleadings and papers on file herein, and the argument of counsel at the hearing on the Joint Motion for Court Approval of FLSA Settlements, hereby finds as follows:

IT IS HEREBY ORDERED that the Joint Motion for Court Approval of FLSA Settlements [ECF 106] is GRANTED. The Court adopts the standards set forth in *Lynn's Food Stores* and finds that the settlement in this case (1) involves the resolution of a bona fide dispute over an FLSA

provision and (2) that the settlement is fair and reasonable. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54 (11th Cir. 1982).

IT IS FURTHER ORDERED that the Settlement Agreement is approved. In determining the fairness of the Settlement Agreement, the Court has considered the settlement negotiations between the parties, the settlement amount to be paid to Plaintiffs, the individual settlement amounts to each plaintiff and opt-in plaintiff, the scope of the release, and the litigation risks. *See, Ambrosino v. Home Depot U.S.A, Inc.*, 11 Civ. 1319 L MDD, 2014 WL 3924609, at *2 (S.D. Cal. Aug. 11, 2014) The Court further finds that the settlement incorporates the risks for each claim. The Court also took into consideration the arguments and remarks of each counsel for the parties at the time of the Court's hearing on July 7, 2017 in making its Findings and Orders herein and the transcript of which is incorporated herein by reference as if fully stated herein.

IT IS FURTHER ORDERED that the settlement amount of $30,000.00 to resolve the claims of Plaintiffs as against Defendat is approved. The settlement amount is allocated as follows: (1) Plaintiffs recover $12,000.00 distributed on a pro-rata basis based upon the number of weeks each Plaintiff worked for Executive, which the Court finds reasonable; (2) $15,000.00 is allocated as attorney fees and costs to Plaintiffs' counsel, the Bourassa Law Group, which the Court finds reasonable; and (3) $3,000 is allocated as service payments for the named plaintiffs in the case who acted as representatives throughout the litigation, which the Court finds reasonable.

IT IS FURTHER ORDERED that the Plaintiffs are releasing claims "which arise out of the alleged facts, circumstances and occurrences underlying the claims which were asserted or could have been asserted in the Litigation, whether known or unknown, whether based upon the FLSA or any other state wage and hour law, any federal, state, or local statute, rule, regulation, order, or law, or any federal, state, or local common law from July 10, 2011, up to and including the date of Final Approval." The Court finds that the release tracks the breadth of the allegations in the action and is

therefore proper. *Ambrosino v. Home Depot U.S.A, Inc.*, 11 Civ. 1319 L MDD, 2014 WL 3924609, at *2 (S.D. Cal. Aug. 11, 2014). The date of Final Approval shall be July 7, 2017.

IT IS FURTHER ORDERED that the Rule 23 Nevada class claims are dismissed pursuant to Fed. R. Civ. P. 23(e). The Court has considered any possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, and (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests, and finds that little to no prejudice exists.

IT IS FURTHER ORDERED that the claims by and against Plaintiffs (both named plaintiffs and opt –in plaintiffs) are hereby dismissed WITH PREJUDICE.

IT IS FURTHER ORDERED that any claims by or against non-party putative class members and/or the Rule 23 Nevada class claims are hereby dismissed WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the clerk of the court is directed to enter judgment accordingly and CLOSE THIS CASE.

DATED this 18th day of September 2017.

_____
HON. JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

Respectfully submitted by:

The Jimmerson Law Firm, P.C.

_____
James J. Jimmerson, Esq.
Nevada Bar No. 264
415 South Sixth Street, Suite 100
Las Vegas, Nevada 89101
Telephone: (702) 388-7171
*Counsel for Defendant*

The Bourassa Law Group

_____
Mark J. Bourassa, Esq.
Nevada Bar No. 7999
Trent L. Richards, Esq.
Nevada Bar No. 11448
7575 Vegas Drive, Suite 150
Las Vegas, Nevada 89128
Telephone: (702) 851-2180
*Counsel for Plaintiffs*